IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

NICHALOS WARREN,

    Plaintiff,

v.                                                   Case No.: 6:19-cv-457

CORD FINANCIAL SERVICES, LLC, and
FIKES WHOLESALE, INC.,
D/B/A CORD FINANCIAL SERVICES,

    Defendants.
_____/

**<u>PLAINTIFF'S ORIGINAL COMPLAINT AND</u>**
**<u>DEMAND FOR JURY TRIAL</u>**

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff, NICHALOS WARREN, by and through his undersigned counsel, sues Defendants, CORD FINANCIAL SERVICES, LLC, and FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES (sometimes collectively referred to herein as "Defendants"), and in support thereof alleges as follows:

1.    Plaintiff brings this action for unpaid wage compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid wages, liquidated damages, and a reasonable

attorney's fee.

2. Plaintiff is a resident of Bell County, Texas.

3. Defendant, CORD FINANCIAL SERVICES, LLC, is a limited liability company formed and existing under the laws of the State of Texas, having offices in Bell County, Texas, and at all times material to this complaint, maintained and operated a business providing automated teller machines ("ATM"), ATM products, parts and services.

4. Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, is a for-profit corporation formed and existing under the laws of the State of Texas, having offices in Bell County, Texas, and at all times material to this complaint, maintained and operated a business, which among other endeavors, provided automated teller machines ("ATM"), ATM products, parts and services.

5. Defendant, CORD FINANCIAL SERVICES, LLC, is an employer as defined by 29 U.S.C. § 203(d).

6. Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, is an employer as defined by 29 U.S.C. § 203(d).

7. Defendant, CORD FINANCIAL SERVICES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

8. Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

9. At all times material to this complaint, Defendant, CORD FINANCIAL SERVICES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11. At all times material to this complaint, Defendant, CORD FINANCIAL SERVICES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12. At all times material to this complaint, Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

13. At all times material to this complaint, Defendants, CORD FINANCIAL SERVICES, LLC, and FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, had common ownership, officers, directors, and employees and shared office space and other business-related expenses.

14. Plaintiff worked for Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, from on or about July of 2015 to approximately April of 2017, as a "Technical Support Representative," and was paid on a salary basis of approximately $779.88 per week in 2016, and approximately $802.04 per week in 2017.

15. Sometime in about April of 2017, Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, spun off part of its business activities relating to ATM service and support. Thereafter, service and support operations were handled by Defendant, CORD FINANCIAL SERVICES, LLC.

16. Plaintiff worked for Defendant, CORD FINANCIAL SERVICES, LLC, from on or about May of 2017 to April 1, 2019, as a "Technical Support Representative," and was paid on a salary basis of approximately $822.40 per week in 2017 and 2018, and approximately $845.00 per week up to April 1, 2019. Thereafter, Plaintiff worked as a "Senior Technical Support Representative" and was paid on an hourly basis at the regular rate of $20.07 per hour.

17.     Plaintiff was at all times material individually engaged in commerce as Plaintiff's regular and recurring work duties included working on and handling products produced for interstate banking services and the regular and recurring use of interstate telephone and internet communications.

18.     During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours.

19.     Plaintiff's regular schedule from approximately July of 2015 until April of 2019 was 7:00 a.m. until 5:00 p.m., Monday through Friday.  Plaintiff also performed work after hours and responded to service calls beyond his regular schedule.  During this period of time, Plaintiff worked an average of 50 hours per workweek.

20.     Plaintiff's job duties prior to April 1, 2019, were to provide technical and network problem resolution to end-users (customers) by performing a question diagnosis while guiding users through step-by-step solutions.

21.     Plaintiff did not hold a position that would qualify for any exemption from the overtime requirements of the FLSA.

22.     Plaintiff was paid a salary only and was never paid any overtime premium for his work in excess of 40 hours in a workweek.

23.     Throughout the employment of Plaintiff, the Defendants repeatedly and

willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of pay for each hour worked in excess of 40 in a workweek.

24. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime wages which were not paid that should have been paid.

25. Defendants failed to act reasonably to comply with the FLSA, and, as such, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid wages deemed to be owed pursuant to 29 U.S.C. § 216(b).

26. Plaintiff is also entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment for the following:

   a. Against Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, for unpaid overtime wages found to be due and owing from July of 2015 to approximately April of 2017;

   b. An additional amount equal to the amount of overtime wages found to be due and owing by Defendant, FIKES WHOLESALE, INC., D/B/A CORD FINANCIAL SERVICES, as liquidated damages;

c.  Against Defendant, CORD FINANCIAL SERVICES, LLC, for unpaid overtime wages found to be due and owing from May of 2017 to April 1, 2019;

d.  An additional amount equal to the amount of overtime wages found to be due and owing by Defendant, CORD FINANCIAL SERVICES, LLC, as liquidated damages;

e.  Prejudgment interest in the event liquidated damages are not awarded;

f.  Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

g.  For any such other relief as the Court may find proper, whether at law or in equity.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

**ROSS • SCALISE LAW GROUP**

*/s/ Charles L. Scalise*
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
Ph:  (800) 634-8042
Ph:  (512) 474-7677
Fax: (512) 474-5306
charles@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**